**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEVEN LOVE LUNDY and ESTEFANIA DURAN** : | |
| : | **CIVIL ACTION NO. 3:17-2255** |
| **Plaintiffs** : | |
| : | **(MANNION, D.J.)** |
| v. : | **(CARLSON, M.J.)** |
| : | |
| **MONROE COUNTY DISTRICT ATTORNEY'S OFFICE**, *et al.* : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court is the December 11, 2017 Report and Recommendation ("Report") of U.S. Magistrate Judge Martin C. Carlson. (Doc. 5). In his Report, Judge Carlson recommends that the plaintiff's motion to proceed *in forma pauperis*, (Doc. 7), be conditionally granted and that his complaint, (Doc. 1), be dismissed. On January 5, 2017, the plaintiff filed objections to Judge Carlson's Report ten days after the deadline for filing such objections had elapsed. (Doc. 11). For the following reasons, the Report will be **ADOPTED IN ITS ENTIRETY**, and the plaintiff's complaint will be **DISMISSED**.

Steven Love Lundy, an inmate confined at the Monroe County Correctional Facility, and Estefania Duran, Lundy's wife, filed the above-captioned civil rights complaint under 42 U.S.C. §1983. (Doc. 1). The named

defendants are the Monroe County District Attorney's Office and First Assistant District Attorney Michael Mancuso. (*Id.*). The complaint alleges in a cursory fashion that the Monroe County District Attorney's Office made certain unfulfilled promises to the plaintiffs in return for their cooperation and that those broken promises amount to "a breach [of contract] . . . and common law fraud." (*Id.*). As relief, the plaintiffs request that "the court impose compensation from [the] Monroe County District Attorney's Office," including "punitive damages," and that the court appoint the U.S. Attorney's Office to litigate this case on the plaintiffs' behalf. (*Id.*). After filing his complaint, the plaintiffs submitted an application for leave to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 7).

Judge Carlson's Report aptly notes that (1) under 28 U.S.C. §1654, Lundy, a *pro se* plaintiff, may not bring these claims on behalf of his spouse, another *pro se* party; (2) under 28 U.S.C. §1332(a), this court does not have jurisdiction to decide state law claims asserted by Pennsylvania plaintiffs against Pennsylvania defendants; (3) these *pro se* pleadings run afoul of the *Younger* abstention doctrine; and (4) this court is without the authority to appoint the U.S. Attorney's Office to represent private parties in civil litigation unrelated to federal government activities. (Doc. 5).

When objections are timely filed to the Report and Recommendation of a magistrate judge, the district court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard of review is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the magistrate judge's recommendations to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the Report to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. *See also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation). Nonetheless, regardless of whether or not timely objections are made to the Report, the district court may accept, not accept, or modify in whole or in part the magistrate judge's findings or recommendations. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

A court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous or malicious, that fail to state a claim on which relief can be granted, or that seek monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). The court must accept all factual allegations in the complaint as true and view them in the light most favorable to the *pro se* plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Since Lundy here proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiffs object to Judge Carlson's Report primarily by restating in different terms many of the very same claims and arguments raised initially in their complaint. (Doc. 11). Specifically, the document labelled as the plaintiffs' "objections" requests that the court exercise jurisdiction over their claims, lists the facts underlying their claim, accuses the defendants quite generally of "corruption," and asks this court to "impose upon [the] Monroe County District Attorney's Office a cease and desist order for harassment, coercion, malicious prosecution, intentional infliction of emotional distress, alienation of affection, physical or mental persuasion by affirmative conduct, corrupt acts, willful misconduct, intentional wrongdoing, legal wrong, conspiracy against rights, [and] deprivation of rights under color of law." (*Id.*).

Notwithstanding the fact that the plaintiffs' objections appear to add several new legal claims (many of which are not recognized by positive law) that were never mentioned in their original complaint, nothing contained in the plaintiffs' objections is sufficient to overcome the legal deficiencies noted in Judge Carlson's Report. (*Id.*). Perhaps most significantly, this court lacks jurisdiction over state law claims between citizens of the same state. *See* 28 U.S.C. §1332(a)(1) (stating that "[t]he district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between . . . citizens of different States"). Disputes predicated on state law between citizens of the same state are more appropriately resolved in the courts of that state. Nothing offered by the plaintiffs is sufficient to satisfy the basic prerequisites of federal jurisdiction. Nor do the plaintiffs' objections in any way undercut Judge Carlson's wholly appropriate recommendations.

Even when liberally construed, the plaintiffs' pleadings and subsequent court filings present no sufficient basis for permitting their claims to move forward, and the court agrees with the sound reasoning that led Judge Carlson to the conclusions in his Report. Finding no clear error on the face of the record, the court will adopt the Report in its entirety, conditionally grant the

plaintiffs' application to proceed *in forma pauperis*, and dismiss the plaintiffs' complaint. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 15, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2255-01.docx